# Exhibit D

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Sarah J. Guske, Bar No. 232467<br>sarah.guske@morganlewis.com<br>One Market Street, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Tel:   +1.415.442.1000<br>Fax:   +1.415.442.1001<br><br>Dion M. Bregman, Bar No. 208393<br>dion.bregman@morganlewis.com<br>Michael J. Lyons, Bar No. 202284<br>michael.lyons@morganlewis.com<br>1400 Page Mill Road<br>Palo Alto, CA 94304-1124<br>Tel:   +1.650.843.4000<br>Fax:   +1.650.843.4001<br><br>Amanda S. Williamson (*pro hac vice*)<br>amanda.williamson@morganlewis.com<br>Michael T. Sikora (*pro hac vice*)<br>michael.sikora@morganlewis.com<br>110 North Wacker Drive<br>Chicago, IL 60606-1511<br>Tel:   +1.312.324.1000<br>Fax:   +1.312.324.1001 | O'MELVENY & MYERS LLP<br>Mark Liang, Bar No. 278487<br>mliang@omm.com<br>Amy K. Liang, Bar No. 291910<br>aliang@omm.com<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Tel:   +1 415 984 8700 |

*Attorneys for Declaratory Judgment Plaintiff, Resonac Hard Disk Corporation and Resonac America, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESONAC HARD DISK CORPORATION and RESONAC AMERICA, INC.,<br><br>        Declaratory Judgment Plaintiffs,<br><br>        v.<br><br>MR TECHNOLOGIES GMBH<br><br>        Declaratory Judgment Defendant. | Case No. 3:25-CV-08631-PHK<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

CASE NO. 3:25-CV-08631-PHK
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 9, 2026, at 1:30 p.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Peter H. Kang at the United States District Court for the Northern District of California, San Francisco Division, Courtroom F, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Resonac Hard Disk Corporation and Resonac America, Inc. (collectively, "Resonac") will, and hereby do, bring this Motion for Leave to File a First Amended Complaint or Compel Defendant MR Technologies, GMBH's ("MRT") to Answer Resonac's Original Complaint.

By and through this motion, Resonac seeks leave to add declaratory judgment of invalidity claims for U.S. Patent Nos. 12,020,734; 11,138,997; and 9,928,864 or, in the alternative, seeks an order compelling MRT to file an answer in response to Resonac's complaint so that Resonac can promptly bring its invalidity claims and defenses into this case. This motion is based on this Notice of Motion and Motion, supporting Memorandum of Points and Authorities, and such further evidence and argument as may be submitted prior to or at the hearing.

# STATEMENT OF ISSUE TO BE DECIDED

Resonac respectfully requests that the Court grant Resonac leave to file its First Amended Complaint, a copy of which is attached herewith as Exhibit A ("First Amended Complaint"). Alternatively, Resonac respectfully requests that the Court compel MRT to answer Resonac's Original Complaint so that its claims of invalidity can be promptly brought into this action.

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), Resonac moves for leave to amend its Original Complaint to add claims for declaratory judgment of invalidity for each of U.S. Patent Nos. 12,020,734; 11,138,997; and 9,928,864 (collectively, the "Asserted Patents"). Resonac timely brings this motion for leave after the United States Patent and Trademark Office ("USPTO") Director discretionarily denied institution of Resonac's petitions for *inter partes* review ("IPR") of each of the Asserted Patents. Resonac did not initially assert invalidity claims in its complaint, as it sought to pursue these contentions before the Patent Trial and Appeal Board ("PTAB"). Now that

1    CASE NO. 3:25-CV-08631-PHK
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

the USPTO has declined any substantive review of the Asserted Patents, Resonac seeks to challenge validity of the Asserted Patents in this Court based, in part, on the same grounds identified in its IPRs.

Leave should be granted because the amendments are proper under Rule 15. Resonac has not acted in bad faith or with undue delay. MRT will not be prejudiced by these amendments given the early stage of the case. Resonac's proposed amendments are not futile, in part, because the proposed invalidity claims identify and rely on material prior art. Finally, Resonac has not previously amended its complaint.

Alternatively, Resonac requests that this Court order MRT to immediately file an answer to Resonac's Original Complaint so that Resonac can ensure prompt adjudication of its invalidity claims and defenses by asserting them in its responsive pleading.

## II. FACTUAL BACKGROUND

Resonac filed the instant suit for declaratory judgment of no direct or indirect infringement of the Asserted Patents on October 9, 2025 ("Original Complaint"). Dkt. 1. Rather than answer on December 29, 2025 – the stipulated date for MRT to respond to Resonac's Original Complaint (Dkt. 21) – MRT elected to file a Motion to Dismiss or Transfer ("Motion to Dismiss") seeking dismissal on first-to-file grounds or alternatively to transfer under 28 U.S.C. § 1404(a) ("§1404(a)"). *See* Dkt. 25. The present action is in its earliest stages. The initial case management conference has not taken place and is currently scheduled for April 9, 2026. There is no case management schedule or trial date set. Even after Resonac pointed out to MRT that its pending motion does not toll its obligation to file an answer to the Original Complaint, MRT has nonetheless refused to do so. No party has served any discovery requests. Resonac has not previously amended its Original Complaint.

Resonac did not include declaratory judgment of invalidity claims in its Original Complaint. Instead, Resonac filed IPR petitions for each of the Asserted Patents. The USPTO Director discretionarily denied institution of these IPRs on February 3, 2026, without any substantive review of Resonac's invalidity claims. Ex. B (USPTO Discretionary Denial Order).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2     CASE NO. 3:25-CV-08631-PHK
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT

III. **LEGAL STANDARD**

Rule 15(a) provides that leave to amend a pleading should be freely given "when justice so requires." In this Circuit, Rule 15's policy of favoring amendments should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). Five factors are considered when assessing whether to grant leave to amend under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Rule 12 requires a defendant to timely serve a responsive pleading within 21 days of being served with the summons and complaint unless otherwise stipulated or ordered. Fed. R. Civ. P. 12(a)(1)(A); L.R. 6-1. Such responsive pleading may be in the form of an answer to the complaint or a motion asserting an enumerated defense to the claims pursuant to Rule 12(b). Fed. R. Civ. P. 12(a), (b). "[T]he filing of a motion pursuant to Rule 12(b) tolls the answering deadline until the district court rules on the motion." *Sample v. O'Hara*, 481 Fed.Appx. 319, 320 (9th Cir. 2012); *Vallejo v. Neil Jones Food Co.*, No. 24-CV-06835-NW, 2025 WL 1684893, at *2 (N.D.Cal. June 16, 2025).

IV. **ARGUMENT**

    A. **Resonac's Proposed Amendments Are Proper Under Rule 15**

Each of the Rule 15 factors favors granting leave to amend. There has been no bad faith or undue delay by Resonac. The proposed amendments will not unduly prejudice MRT and are not futile. And Resonac has not previously amended its Original Complaint.

        1. **Resonac Seeks to Amend its Complaint in Good Faith**

Resonac's amendments are not made in bad faith. "Bad faith may be shown when a party

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3     CASE NO. 3:25-CV-08631-PHK
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT

1  seeks to amend late in the litigation process with claims which were, or should have been, apparent
2  early." *Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-CV-06663-TSH, 2019 WL
3  861422, at *2 (N.D. Cal. Feb. 22, 2019). Here, the case is in its infancy. For purposes of efficiency,
4  Resonac initially elected to pursue invalidity claims solely before the PTAB. In view of the
5  USPTO's discretionary denial of Resonac's IPRs, Resonac now seeks to amend its Original
6  Complaint and bring invalidity claims before this Court that are based, in part, on the same prior
7  art references identified in its IPRs. Ex. A ¶¶ 45, 50, 55.

### 2. Resonac Promptly Seeks Leave to Amend its Original Complaint

There is no undue delay in Resonac's seeking leave to amend. The USPTO recently issued its discretionary denials on February 3, 2026. Ex. B. Resonac promptly informed MRT of its intention to add invalidity claims in light of these denials and filed the present motion within nine (9) days after the USPTO's decision. The proposed amendments will also not cause any undue delay as a schedule has not yet been entered in this case. And even if the Court were to find there had been some delay in filing the motion (there has not been), delay alone is insufficient to deny leave to amend. *Chrimar Sys. Inc v. Cisco Sys. Inc.*, No. 13-CV-01300, 2016 WL 1623922, at *2 (N.D. Cal. Apr. 21, 2016).

### 3. MRT Will Not Suffer Prejudice From the Amendments

MRT cannot meet its burden to show it will suffer prejudice from Resonac's proposed amendments. This lack of prejudice is dispositive because prejudice is the most significant factor in determining whether leave to amend should be granted. *Eminence Cap.*, 316 F.3d at 1052. Even when there is some amount of prejudice, this still does not justify denying leave unless the prejudice is substantial. *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. July 21, 2010). Here, MRT cannot credibly claim it will suffer any, let alone substantial, prejudice.

The amendments will not undermine upcoming deadlines because there are none. The initial case management conference is scheduled for April 9, nearly two months away, and no scheduling order has been entered. MRT has not even answered the Original Complaint despite Resonac's repeated requests that it do so. The parties have yet to serve initial discovery requests. MRT will

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4  CASE NO. 3:25-CV-08631-PHK
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL
DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT

suffer no prejudice of any kind from the amendments at this early stage of the case. *DCD*, 833 F.2d at 187–88 ("Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that HFB would be prejudiced by the timing of the proposed amendment."); *CelLink Corp. v. Manaflex LLC*, No. 23-CV-04231-HSG, 2024 WL 4844382, at *3 (N.D. Cal. Nov. 19, 2024) (granting leave to amend and rejecting defendant's prejudice argument in part because no initial case management conference had taken place and no scheduling order had been entered).

MRT also cannot claim surprise as to the proposed amendments. The amendments are limited to validity challenges for each of the Asserted Patents that would inevitably be litigated in this case as Resonac's defenses to MRT's claims for infringement or affirmative counterclaims. MRT itself has suggested, and Resonac agrees, that invalidity should be adjudicated in this action to "avoid the risk of inconsistent decisions" from "deciding infringement issues in isolation given Resonac seeks only a declaration of non-infringement." Dkt. 25 at 9. And critically, MRT was a party to the IPRs and was well aware of the validity challenges described in detail in the Petitions and supporting expert declarations and so has been on notice that Resonac is challenging the Asserted Patents' validity. *Macias v. KDF Foxdale, L.P.*, No. 5:18-CV-07712-EJD, 2020 WL 2097607, at *3 (N.D. Cal. May 1, 2020) ("[W]here a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment.").

Accordingly, MRT will not suffer any prejudice from the proposed amendments.

**4. The Claims Raised in Resonac's First Amendment to Its Original Complaint Are Not Futile**

Resonac's proposed invalidity claims in its First Amended Complaint are not futile. A proposed amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Collaboration Props., Inc. v. Tandberg ASA*, No. 05-cv-01940, 2007 WL 205065, at *2 (N.D. Cal. Jan. 25, 2007). The amendments sufficiently identify the factual basis of the claims by identifying prior art that renders each of the Asserted Patents invalid. Ex. A, ¶¶ 45-48, 50-53, 55-58. Each of these prior art

references have not previously been adjudicated in any forum. Indeed, the USPTO denied institution of Resonac's IPRs solely on discretionary grounds and did not address their merits. Ex. B. As such, Resonac's amendments sufficiently provide a factual basis for a valid and sufficient claim.

### 5. This is Resonac's First Request to Amend Its Original Complaint

Finally, this is Resonac's first request to amend its Original Complaint. As such, this factor also favors allowing the requested amendment.

### B. MRT Failed To Timely Respond To Resonac's Complaint And Should Now Be Compelled To Do So

Alternatively, Resonac respectfully requests that the Court compel MRT to answer the Original Complaint pursuant to Rule 12. Under Rule 12(a), MRT was required – but failed – to serve its response to Resonac's Original Complaint on December 29, 2025, the date stipulated by the parties. Fed. R. Civ. P. 12(a). Rule 12 provides that serving an answer or a motion asserting a Rule 12(b) defense satisfies the response obligation. Fed. R. Civ. P. 12(a), (b). However, MRT served neither. Instead, MRT moved to dismiss on first-to-file grounds or alternatively to transfer under § 1404(a), which are not Rule 12(b) defenses that could toll the time for MRT's response.[1] *See Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613 CW, 2007 WL 484789, at *5 (N.D. Cal. Feb. 9, 2007) (a motion to dismiss on first-to-file grounds is "outside of the ambit of the Rule 12(b) motions that suffice as responsive pleadings." ); *Wickham v. Schenker, Inc.*, No. 23-CV-00946-PCP, 2024 WL 116308, at *2 (N.D. Cal. Jan. 10, 2024) (distinguishing a motion to transfer under § 1404(a) from a motion to dismiss for improper venue brought under Rule 12(b)(3)); *see also Turnage v. Old Dominion Freight Line, Inc.*, No. C 13-1409 PJH, 2013 WL 2950836, at *5 (N.D. Cal. June 14, 2013) ("a motion to transfer venue under § 1404(a) does not relate to a 'defense' that must be raised by pre-answer motion or in a responsive pleading.").

---

[1] MRT's Motion to Dismiss only mentions Rule 12 in its notice section with a boilerplate reference to Rule 12(b)(6), a defense for failure to state a claim on which relief can be granted. Dkt. 25 at 2; Fed. R. Civ. P. 12(b)(6). However, the Motion to Dismiss itself does not identify any failure by Resonac to state a claim as to any count within the Original Complaint. *See* Dkt. 25 at 7-19.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6     CASE NO. 3:25-CV-08631-PHK
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT

Having failed to timely respond, MRT is now subject to sanctions up to and including entry of default judgement. *See Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 960 (N.D. Cal. Aug. 26, 2019) ("When a party has failed to plead or defend against a complaint, the clerk 'must enter the party's default,'" and "the Court may enter default judgment upon request."); 5C Charles Allen Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1361 (3d ed. 2006) ("[I]f neither a responsive pleading nor motion under Rule 12(b) has been submitted within the operative deadline, the defendant is at risk of having a default entered against it."). At the very least, this Court should require MRT to comply with Rule 12 and serve Resonac with its answer. *See Matthews v. Lemonade Ins. Co.*, No. 25-CV-545 JLS (DDL), 2025 WL 3153635, at *9 (S.D. Cal. Nov. 10, 2025) (where defendant filed only a motion to stay in response to plaintiff's complaint, the court ordered the defendant to "file an answer or other responsive pleading within fourteen (14) days."); *see also Fujitsu Ltd.*, 2007 WL 484789, at *5; *Sorensen v. Head USA, Inc.*, No. 06CV1434 BTM (CAB), 2006 WL 6584166, at *1 (S.D. Cal. Oct. 13, 2006); *G.T.G. Const. Co. v. Goel Servs., Inc.*, No. CIV.A. 12-1129 JEB, 2012 WL 3860590, at *2 (D.D.C. Sept. 5, 2012). To do otherwise, is "tantamount to enabling [MRT] to unilaterally extend its time to respond based on its [mistaken] belief that filing its motion . . . was sufficient to stay its deadline to respond." *Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-CV-04738-WHO, 2017 WL 5525851, at *5 (N.D. Cal. Nov. 17, 2017).

## V.    CONCLUSION

For the foregoing reasons, Resonac respectfully requests that the Court grant Resonac leave to amend its Original Complaint to add invalidity claims for each of the Asserted Patents. Alternatively, Resonac respectfully requests that the Court order MRT to answer Resonac's Original Complaint within 14 days of issuing its order on this motion so that Resonac can promptly bring its invalidity claims and defenses into the case in Resonac's responsive pleading.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7        CASE NO. 3:25-CV-08631-PHK
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT

| | | |
|---|---|---|
| 1 | Dated: February 12, 2026 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ *Michael J. Lyons* |
| 4 | | MORGAN, LEWIS & BOCKIUS LLP |
| 5 | | Sarah J. Guske<br>Dion M. Bregman |
| 6 | | Michael J. Lyons<br>Amanda S. Williamson |
| 7 | | Michael T. Sikora |
| 8 | | O'MELVENY & MYERS LLP<br>Mark Liang |
| 9 | | Amy K. Liang |
| 10 | | Attorneys for Declaratory Judgment<br>Plaintiffs Resonac Hard Disk Corporation |
| 11 | | and Resonac America, Inc. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8     CASE NO. 3:25-CV-08631-PHK
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT OR TO COMPEL DEFENDANT TO ANSWER PLAINTIFFS' COMPLAINT